Jacob Schoolhause, Arthur V. Seaman and Isadore Anhalt, in Behalf of Themselves and Others, Plaintiffs, *v.* Edward W. Browning and Charles Klein, Defendants.

(Supreme Court, New York Special Term, August, 1921.)

Landlord and tenant — landlord cannot be enjoined from renting apartments to colored people — an injunction will not lie to enforce the provisions of the Health Law and Tenement House Law in the absence of proof that these departments have failed to perform their duty.

> A landlord may not be enjoined from renting apartments to tenants of color even assuming that thereby he seeks to force the white tenants to vacate.
>
> Where a complaint alleges that a landlord is renting furnished rooms in the city of New York to lodgers and, in contravention of the Health Law and the Tenement House Law, is allowing them to occupy the same in such large numbers as to overcrowd the apartment, in consequence of which the health and safety of the plaintiff are threatened, and the manner of enforcing the statute is therein prescribed, an injunction will not lie, in the absence of proof that the officials of the various city departments have neglected or failed to perform their duty and enforce the law.

Motion for injunction *pendente lite.*

Max Salomon (William Allen, of counsel), for plaintiffs.

Herman & Ernst, for defendant Edward W. Browning.

Leo Rosenberg, for defendant Charles Klein.

Burr, J.  There is in this state no law which prohibits a landlord from renting his apartments to

tenants solely because of the race, creed or color of such tenants. The landlord of the premises in question advertised his apartments for rent to colored tenants, and has, as appears from the papers submitted, rented several of the vacant apartments to such tenants. Assuming that the landlord **seeks by this** method to force the white tenants to vacate, equity may not afford relief, because the colored tenants have equal rights before the law to live in the premises with the other tenants. So that I conclude there is no ground for an injunction here solely because of the presence of colored people as tenants in the premises. Indeed, it is stated as a fact by defendants and not denied by plaintiffs, that apartment houses in the immediate vicinity of these premises are occupied by colored people as tenants. Plaintiffs further complained that the landlord is renting out furnished rooms to lodgers and allowing them to occupy these rooms in such large numbers as to overcrowd the apartments, in consequence of which the health and safety of the plaintiffs are threatened, in contravention of the Health Law and the Tenement House Law. The violation of the statute is not a ground for an injunction when an adequate remedy is opened to the plaintiffs. The manner of enforcing the Health Law or the Tenement House Law is prescribed by the statute itself. This court may not usurp the powers delegated by law to the various city departments having the enforcement of such laws in charge, in the absence of any proof of failure on the part of the public officials to properly perform their duty. If there are in fact violations of these laws now existing in these premises and the officials of the respective departments authorized and empowered by the statute to deal with such a situation and to correct these evils fail, neglect or refuse to perform their duty in this

respect, any tenant or any citizen may apply to this court for mandamus to compel such officers to perform their duty and enforce the law. Motion for an injunction *pendente lite* is denied.

Motion denied.